```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                    CASE NO. 5:14CR50066-003

CRUZ EDUARDO SEGUNDO aka "Eddie"                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Such a hearing was conducted on February 6, 2015, and, pursuant to a written plea agreement, the Defendant, Cruz Eduardo Segundo, entered a plea of guilty to Count One of the Indictment charging him with conspiring to distribute a substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and 846. The plea agreement provides that if the court accepts the plea agreement, once the court has pronounced sentence, the Government will move to dismiss Count Two of the Indictment and the forfeiture allegation contained in the Indictment. After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

1.  The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, both in writing and on the record at the hearing, to the entry of his guilty plea before the

undersigned, with the plea being subject to final approval by United States District Judge Timothy L. Brooks.

    2.   The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed.

    3.   The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of the plea; the Defendant is fully satisfied with his counsel and has had sufficient time to consult with him; and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

    4.   The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

    5.   The parties were informed, both in writing and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation.  To expedite acceptance of the guilty plea, the parties waived, both on the record and in writing, their right to file objections.

    Based on the foregoing, the undersigned recommends that the guilty plea be accepted and that the written plea agreement be tentatively approved, subject to final approval at sentencing.

DATED this 10th day of February, 2015.

      /s/ *Erin L. Setser*
      HON. ERIN L. SETSER
      UNITED STATES MAGISTRATE JUDGE